# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS GARCIA, Jr.,  :

    Petitioner  :

                                                    CIVIL ACTION NO. 3:17-1926

    v.  :

                                                    (Judge Mannion)

UNITED STATES OF AMERICA,  :

    Respondent  :

## MEMORANDUM

Petitioner, Thomas Garcia, an inmate confined in the Canaan United States Penitentiary ("USP-Canaan"), Waymart, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Northern District of Texas, Lubbock Division. Id. Specifically, he states that "Burrage, Rosemond and McFadden[1] are intervening substantive changes in the interpretation of federal criminal law, rendering [him] convicted of an act that the law does not make criminal retroactively applicable by the Supreme Court." Id. As such, Garcia claims that he is actually innocent of 21 U.S.C. §841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. §2 conviction for distribution

---

[1] Burrage v. United States, 571 U.S. 204, 134 S. Ct. 881, 187 L.Ed.2d 715 (2014); Rosemond v. United States, 572 U.S. 65, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014); and McFadden v. Unites –- U.S. —, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2016).

and possession with intent to distribute 5 grams or more of methamphetamine and aiding and abetting absent advanced knowledge of controlled substance act or analogue. Id. For relief, he requests the Court "set aside plea as nullity and vacate convictions for Count 3 as void and grant him his immediate release from unlawful custody of the BOP" or "resentence him to correct fundamental miscarriage of justice to one who is factually innocent." Id.

## I.     **Background**

On September 22, 2010, Garcia was indicted in the United States District Court for the Northern District of Texas on various drug distribution charges. United States v. Garcia, No. 5:10-CR-00104 (N.D. Tx.)

On March 10, 2011, Garcia plead guilty to one count of distribution and possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(b)(viii); 18 U.S.C. § 2. Id. As part of the plea agreement, Garcia was informed that this drug distribution crime had a sentencing range of not less than 5 years and not more than 40 years. Id. Garcia acknowledged that he would be sentenced pursuant to the United States Sentencing Guidelines, which guidelines were advisory, and that he could not withdraw his plea if the sentence imposed was higher than

2

expected. Id. Additionally, Garcia agreed not to contest his conviction and sentence in any collateral challenge brought under § 2241 or § 2255 other than a claim of ineffectiveness of counsel or a sentence exceeding the statutory maximum of 40 years. Id.

In a separate "Factual Resume," which was signed by Garcia and made part of the criminal record, Garcia acknowledged that the elements of the crime of "distribution and possession with intent to distribute five grams or more of methamphetamine" consisted of: (1) him knowingly or intentionally distributing or possessing a controlled substance, (2) which was methamphetamine; (3) that he possessed the drug with the intent to distribute it; and (4) that the quantity of the drug was at least five grams of "actual methamphetamine." Id. Garcia further admitted that on June 22, 2010, he and a codefendant had sold 27.1 net grams of methamphetamine, a schedule II controlled substance, with a purity level of at least 95.5%, such that the amount of pure methamphetamine was 25.88 grams. Id. Garcia further admitted that "he knowingly and intentionally distributed and possessed 25.88 net grams of actual methamphetamine or aided and abetted Monica Alicia Garcia with knowingly and intentionally distributing and possessing 25.88 net grams of actual methamphetamine." Id.

On July 1, 2011, Garcia was sentenced, inter alia, to 150 months of imprisonment. Id.

On July 11, 2011, Garcia filed an appeal to the United States Court of Appeals for the Fifth Circuit. Id.

On September 17, 2012, the Fifth Circuit dismissed Garcia's appeal for Petitioner's failure to present a nonfrivolous issue for appellate review. See [United States v. Garcia, 475 Fed. App'x. 1002 (5th Cir. 2012)](#).

On April 19, 2013, Garcia filed a Motion to Vacate under [28 U.S.C. §2255](#). See Garcia v. United States, No. 5:13-CV-0104 (N.D. Tx). He alleged that: (1) his counsel was ineffective for failing to object to the presentence report's determination that he was responsible for 25.7853 grams of "actual" methamphetamine; (2) he was actually innocent of his sentence because the record did not support the quantity of actual methamphetamine; (3) his appellate counsel was ineffective for failing to argue that it was unconstitutional to hold him responsible for a drug amount greater than he had plead guilty to distributing; and (4) he should be resentenced due to his postsentence rehabilitative progress and granted a downward departure. Id.

On May 20, 2013, the Government filed a response to §2255 motion, detailing its lack of merit both factually and under the law. Id. The Government

explained that Garcia had admitted that he was responsible for 25.785 grams of "actual" methamphetamine, and that Garcia's counsel was not ineffective in failing to challenge the drug amounts, which was supported by the guidelines. Id.

By Order dated August 2, 2013, the sentencing court found the following:

> The Court has considered Movant's motion, Respondent's response, Movant's reply, and the relevant records and is of the opinion that Movant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody should be **DENIED** and **DISMISSED** with prejudice for the reasons stated in Respondent's thorough and well-drafted response.

Id. On October 21, 2013, Garcia filed an appeal to the Fifth Circuit which dismissed the appeal on December 11, 2013 for want of prosecution, for Garcia's failure to timely pay the docketing fee. Id.

On October 23, 2017, Garcia filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he challenges his conviction/sentence for distributing and possessing with intent to distribute five grams or more of methamphetamine. (See Doc. 1, petition). He cites a litany of Supreme Court cases to claim that he is actually innocent of the crime to which he plead guilty; his guilty plea was unintelligent and

involuntary; he did not know in advance of the crime that his codefendant had over 22 grams of "actual" methamphetamine; he did not know the charged federal crime could really only be brought by the state of Texas; and that he was improperly sentenced above the 5-year mandatory minimum sentence. Id.

## II.  DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. §2255.

Further, such claims may not be raised in a §2241 petition except in unusual situations where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; see Dorsainvil, 119 F.3d at

6

251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Application of Galante, 437 F.2d at 1165.

It is initially noted that "the Supreme Court has not made Burrage retroactive." Alvarez v. Hastings, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); Gibson v. Thomas, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court did not make Burrage retroactive to cases on collateral review as such it does not fall within the narrow Dorsainvil exception); Harrington v. Holland, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (Burrage is not a

decision which is retroactively applicable to cases on collateral review).

Courts have also recognized that "the rule articulated in Rosemond does not apply retroactively to cases on collateral review. Branham v. Oddo, Civ. No. 1:16-cv-553, 2016 WL 2961387 *3 (M.D. Pa. May 23, 2016) (Jones, J.); Williams v. Spaulding, Civ. No. 3:15-cv-1992, 2015 WL 8332424 *3 (M.D. Pa. Dec. 9, 2015) (Munley, J.). Finally, based upon a review of McFadden, there is nothing to indicate that it changed the substantive law pertaining to Petitioner's methamphetamine based related conviction such that his conduct is now deemed not to be criminal.

Petitioner is clearly challenging the validity of his guilty plea and sentence entered in the Northern District of Texas. He must do so by following the requirements of §2255. As previously noted, Garcia filed a direct appeal and a §2255 action. Petitioner has already raised the instant claims in his unsuccessful §2255 action.

Garcia's instant claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he was unable to present his claims via a §2255 proceeding. As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a

federal inmate by way of a §2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Petitioner's pending claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. App'x 55, 57 (3d Cir. April 2009) As considered in Cradle, the fact that Petitioner's §2255 action, which asserted the same claims presently pending before this Court, was denied does not warrant a determination that §2255 is inadequate or ineffective to test the legality of Petitioner's guilty plea.

Based upon Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a Burrage or Rosemond based claim may be pursued via a §2241 proceeding, it is apparent that habeas corpus review is not appropriate here. Accordingly, Garcia's §2241 petition will be dismissed without prejudice. See Downs v.

9

Baltazar, No. 17-1007, 2017 WL 3310922, at *3 (M.D. Pa. Aug. 3, 2017) (Kane, J.) (dismissing without prejudice §2241 petition based on Burrage, McFadden, and Rosemond). This dismissal does not preclude Petitioner from seeking authorization from the appropriate Court of Appeals to file a second or successive §2255 petition.

### III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Petitioner will be **DISMISSED** for lack of jurisdiction. An appropriate order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 30, 2019**
17-1926-01